# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **NIGIST TEKLEHAIMANOT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO.: 1:08-CV-220 |
| | ) |
| **PARK CENTER, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Nigist Teklehaimanot brought this employment discrimination and retaliation action against Defendant Park Center, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e *et seq.*, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* (*See* Compl.) This matter is now before the Court on Plaintiff's "Motion for Leave to Add Additional Plaintiff," filed March 2, 2009. (Docket # 14.) The Defendant has filed no response and apparently does not oppose the motion.

The Plaintiff's motion contends that another individual, Ovaidis Cheathams, was terminated from Park Center's employment as a result of the same incident leading to the Plaintiff's termination, and now that Cheathams has been issued a Dismissal and Notice of Right to Sue from the Equal Employment Opportunity Commission, he wishes to join this action. (Pl.'s Mot. for Leave to Add Additional Pl. ("Pl.'s Mot.") ¶¶ 3-4.) The Plaintiff seeks to add Cheathams as a party through Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The proper rule, however, appears to be Rule 20, which applies to permissive joinder of parties. *See O'Sullivan v. City of Chicago*, No. 01 C 9856, 2007 WL 671040, at *9 (N.D. Ill.

March 1, 2007) (collecting cases indicating that "[b]ecause Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Rule 20(a).").

Rule 20 provides,

> Persons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). In short, "[t]here must be both a right to relief arising out of the same transaction or occurrence and a question of law or fact common to all the plaintiffs." *Riley-Jackson v. Casino Queen, Inc.*, No. 07-CV-00631-MJR, 2008 WL 3992685, at *1 (S.D. Ill. Aug. 22, 2008) (citing *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000)); *see also Hohlbein v. Heritage Mut. Ins. Co*, 106 F.R.D. 73, 78 (D.C. Wis. 1985). "Federal policy favors joinder, and the district court has wide discretion when deciding whether joinder of parties is proper." *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002) (citations omitted).

The Plaintiff's motion appears to satisfy both requirements of Rule 20. The Plaintiff and Cheatham's terminations both arose at the same time and out of the same incident, and consequently each assert a right to relief arising out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(1)(A); *see also O'Sullivan*, 2007 WL 671040, at *9 (explaining that when considering joinder in employment discrimination cases, "courts look to [whether] the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions, whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is a geographical proximity between the discriminatory actions." (internal quotations marks and citations omitted)); *Riley-Jackson*, 2008 WL 3992685, at *1 (same). Moreover, the allegations that

Defendant discriminated and retaliated against the Plaintiff and Cheatham involve the same issues of law and fact, meeting the second prong of the inquiry. *See* Fed. R. Civ. P. 20(a)(1)(B).

In sum, the Defendant does not object to the Plaintiff's motion, and in any event, the Plaintiff seems to have met Rule 20's requirements. Accordingly, the Plaintiff's Motion for Leave to Add Additional Plaintiff (Docket # 14) is GRANTED. The Plaintiff is directed to file an amended complaint adding Cheathams as a plaintiff by April 1, 2009.

SO ORDERED.

Enter for this 24th day of March, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge